IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kenneth Edward Parnell, # 04240-063, )<br>)<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden Bobby J. Meeks, )<br>~~United States of America~~, )<br>)<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 6:15-2817-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This is an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. The petitioner is a federal prisoner.  Therefore, in the event that a limitations issue arises, the petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).   Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

       On October 20, 2004, in the United States District Court for the Eastern District of Oklahoma, the petitioner was convicted, in a jury trial, of being a felon in possession of a firearm.   The petitioner was sentenced to 235 months in prison as an armed career criminal.  On appeal, the United States Court of Appeals for the Tenth Circuit affirmed the conviction and sentence.  *See United States v. Parnell*, No. 04-7139, 165 Fed.App'x 634 (10th Cir. Feb. 2, 2006).

       The above-captioned case is one of many Section 2241 petitions filed subsequent to the Supreme Court's decision in *Johnson v. United States*, 192 L.Ed.2d 569,

135 S.Ct. 2551 (2015). This court, out of an abundance of caution, authorized service of the petition on July 30, 2015 (doc. 12). On November 23, 2015, counsel for the respondent filed a motion to dismiss (doc. 22) on the grounds that the petitioner cannot proceed under 28 U.S.C. § 2241 because he has never filed a Section 2255 motion to vacate in the district where the petitioner's conviction was entered and that the petitioner's claims are not cognizable under 28 U.S.C. § 2241 (doc. 21). The undersigned on November 24, 2015, issued a *Roseboro* order (doc. 24) to apprise the petitioner of dispositive motion procedure and of the adverse consequences if he failed to respond adequately to the motion. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

On December 7, 2015, the petitioner filed a response (doc. 26) to the respondent's motion to dismiss. In his response, the petitioner stated that he had, in fact, filed a Section 2255 motion to vacate (Civil Action No. 07-070-RAW) in the United States District Court for the Eastern District of Oklahoma on March 12, 2007. Appended to the petitioner's response is a "bopped" copy of the first page of the petitioner's Section 2255 motion (doc. 26-1).

A PACER search conducted on December 8, 2015, reveals that the petitioner raised three grounds in his Section 2255 motion filed in the Eastern District of Oklahoma: (1) unconstitutional failure by prosecution to disclose evidence favorable to the defendant; (2) ineffective assistance of counsel at trial; and (3) ineffective assistance of counsel at sentencing. The Section 2255 petition was served upon the United States on March 16, 2007. After receiving an extension of time, the United States filed a response on April 30, 2007. On October 25, 2007, the Honorable Ronald A. White, United States District Judge, denied the motion to vacate. With respect to the petitioner's sentence as an armed career criminal, Judge White stated:

> Petitioner's third claim is that he received ineffective assistance
> of counsel because his attorney failed to object to his
> classification as an armed career criminal. The records of

2

> Petitioner's case show, however, that his attorney did, in fact, object to his career criminal status. His claim is of no merit. In any event, Petitioner raised this issue on appeal, and the Tenth Circuit found that he was correctly sentenced as an armed career criminal. He cannot reassert the issue here. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

(Doc. 3 in Civil Action No. 07-070-RAW, at 3). No appeal was filed in Civil Action No. 07-070-RAW.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See Barber v. Rivera*, Civil Action No. 4:11-2579-TMC-TER, 2011 WL 6982074, at *2 (D.S.C. Dec. 13, 2011) (collecting cases), *adopted by* 2012 WL 80250 (D.S.C. Jan. 11, 2012). A petitioner cannot challenge his or her federal conviction and sentence under § 2241 unless he or she can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims. *See In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which

the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

The petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to sentences. *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2010) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

The United States Court of Appeals for the Fourth Circuit has not overruled *In Re Jones* and has continued to apply the *In Re Jones* test. *See Rouse v. Wilson*, No. 14-6715, 584 F. App'x 76, 76 n. * (4th Cir. Sept. 30, 2014):

> The district court properly determined that Rouse could not proceed with his claims under § 2241. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *In re: Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

*See also Brown v. Mansukhani*, Civil Action No. 5:15-164-BHH, 2015 WL 2173048, at *5 (D.S.C. May 8, 2015).*

The petitioner's available remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Tenth Circuit. The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). This district court has held that the savings clause is not satisfied merely because a petitioner's prior § 2255

---

*The decision of the panel of United States Court of Appeals for the Fourth Circuit in *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015), has been vacated as the result of the grant of rehearing *en banc* by the full Court on December 2, 2015. Under Fourth Circuit Local Rule 35(c), the grant of rehearing *en banc* overrules the panel opinion. Hence, the prior panel opinion in *Surratt* has not been considered in the above-captioned case.

4

motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *See In re Vial*, 115 F.3d at 1194 ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); 28 U.S.C. § 2244(b)(3); and *In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003).

In this case, the petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted (possession of firearm by convicted felon) has been deemed non-criminal by any substantive law change since his direct appeal and Section 2255 motion (Civil Action No. 07-070-RAW). *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Instead, the petitioner challenges the legal classification of a predicate offense (second-degree burglary, 21 Okl.St.Ann. § 1435) used to enhance his sentence. As a result, the petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, and the instant Section 2241 petition is subject to dismissal even though the petitioner filed a prior Section 2255 motion to vacate in 2007 (Civil Action No. 07-070-RAW).

Accordingly, it is recommended that the District Court grant the respondent's motion to dismiss (doc. 22). It is also recommended that the District Court deny a Certificate of Appealability. The attention of the parties is directed to the important notice on the next page.


December 9, 2015                          s/ Kevin F. McDonald
Greenville, South Carolina               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).